SHARON DOUGLASS MAYO - State Bar No. 150469
sharon.douglass@aporter.com
VIKRAM SOHAL - State Bar No. 240251
vikram.sohal@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for Plaintiffs

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVE MUSIC PUBLISHING CORP., JOBETE MUSIC CO., INC., BLACK BULL MUSIC, INC., ANTISIA MUSIC, INC., CHERRY LANE MUSIC PUBLISHING COMPANY, STONE CITY MUSIC, SISTER FATE MUSIC AND CONTROVERSY MUSIC,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSIAH GRIFFIN,<br><br>    Defendant. | Case No. CV 07-08212-VBF (JCx)<br><br>CONSENT JUDGMENT<br><br>(17 U.S.C. §§101 *et seq.*) |

1  WHEREAS, Plaintiffs Octave Music Publishing Corp., Jobete Music Co., Inc., Black Bull Music, Inc., Antisia Music, Inc., Cherry Lane Music Publishing Company, Stone City Music, Sister Fate Music and Controversy Music ("Plaintiffs") are owners of the copyrights in the musical compositions listed in Schedule A to Plaintiffs' Complaint filed in this action and members of the American Society of Composers, Authors and Publishers ("ASCAP"); and

WHEREAS, Defendant Josiah Griffin ("Defendant") at the times of the infringing acts alleged in the Complaint, did own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as The Pure Pleasure Lounge, located at 1520 W. Manchester Ave., Los Angeles, California 90047; and

WHEREAS, Without authorization or consent, Defendant, on the dates specified on Schedule A to the Complaint, publicly performed Plaintiffs' copyrighted musical compositions at The Pure Pleasure Lounge for the entertainment and amusement of the patrons attending said premises in violation of Plaintiffs' rights under 17 U.S.C. § 106(4), as a remedy for which Plaintiffs are entitled to judgment against Defendant for willful copyright infringement; and

WHEREAS, the parties have agreed that the Court may enter judgment as provided herein;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. (a) Judgment is entered for Plaintiffs and against Defendant on the claims set forth in Plaintiffs' Complaint in the amount of Twenty-Five Thousand Dollars ($25,000.00). Notwithstanding the foregoing, the parties have agreed that this Judgment may be satisfied upon Defendant's payment of the sum of Twenty Thousand Dollars ($20,000.00) ("the Settlement Amount") as provided in Paragraph 2 below.

   (b) The amount provided for in this Consent Judgment shall be in full settlement of all claims against Defendant arising out of Plaintiffs' Complaint and all other copyright infringement claims of members of ASCAP against Defendant arising out of the operation of The Pure Pleasure Lounge, during all periods up to and including the date of entry of this Consent Judgment.

  2. (a) Defendant shall pay the Settlement Amount as follows: (1) Defendant shall make monthly installments of $333.33 for eleven months, with the first installment due upon entry of this Consent Judgment and (2) the remaining balance of the Settlement Amount shall be paid in full on the twelfth month; provided, however, that if Defendant makes all monthly installments on time, the aforementioned payment schedule shall be rolled over on an annual basis up to and including sixty months (i.e. eleven installments of $333.33 with the remaining balance due on the twenty-fourth month and so on).

   (b) Defendant shall make the payments provided for above in the form of a certified, cashier's, bank, or corporate business check drawn on a California bank, made payable to "ASCAP," and delivered to Vikram Sohal, Esq., at Arnold & Porter LLP, 777 South Figueroa Street, 44th Floor, Los Angeles, California 90017, or such other person as Plaintiffs' attorneys shall designate to receive such payments.

  3. Contemporaneously with the execution of this Consent Judgment, Defendant will execute an ASCAP General License Agreement for The Pure Pleasure Lounge for the term commencing January 1, 2008. License fees pursuant to such license agreement for the calendar year 2008 shall be included in the amount to be paid by Defendant as provided in this Consent Judgment. License fees pursuant to such license agreement for periods beginning January 1, 2009 shall be paid by Defendant when due as billed by ASCAP, and Defendant shall otherwise abide by all of the terms and conditions of the license agreement.

  4. In the event that Defendant fails to make any of the payments provided for in paragraph 2(a), or to pay license fees to ASCAP as provided for in paragraph 3,

upon receipt by Defendant of written notice from Plaintiffs or their undersigned attorneys of any such delinquency, Defendant shall have ten (10) calendar days in which to cure such delinquency.  If the delinquency is not cured within such ten (10) day period, Defendant shall be obligated to pay the full Judgment amount of Twenty-Five Thousand Dollars ($25,000.00), less any payments previously made to Plaintiffs pursuant to paragraph 2 above.  Such balance shall be immediately due and payable; execution to collect such balance may issue forthwith and without any further notice to Defendant; and such balance shall constitute a non-dischargeable debt in the event Defendant files a petition for bankruptcy.

5. Plaintiffs shall be granted all such writs and process as is necessary or proper for the enforcement of this Consent Judgment.

6. Subject to the Court's continuing jurisdiction over the parties for purposes of enforcement of this Consent Judgment, this action is dismissed.

**ORDER**

**IT IS SO ORDERED.**

Dated:  June 25, 2008

*Valerie Baker Fairbank*
Hon. Valerie Baker Fairbank
United States District Judge